UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| SARA EUGENIA GALLEGOS,<br>　　　　Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§　Crim. No. MO-17-CR-00136-(2)-DC<br>§　Civil No. MO-19-CV-00230<br>§<br>§<br>§<br>§<br>§ |

**GOVERNMENT'S RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Comes now, the United States of America by and through the United States Attorney and the undersigned Assistant United States Attorney, and makes this Response to Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255, filed on October 14, 2019, the United States would show the Court the following:

**I. PROCEDURAL HISTORY**

On June 21, 2017, Petitioner was named in a two-count Indictment charging Conspiracy to Possess with Intent to Distribute a Controlled Substance and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Docket Entry 15, *United States v.Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018).

On January 24, 2018, Petitioner was named in a four-count Superseding Indictment charging Conspiracy to Possess with Intent to Distribute a Controlled Substance and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Docket Entry 72, *United States v.Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018). On January 29, 2018, Petitioner pled guilty to the Superseding Indictment, on counts one and two with a plea agreement. *Id.* at Docket Entry 79. On June 07, 2018, Petitioner was sentenced to 180 months of imprisonment on count one to run

consecutive to 60 months imprisonment on count two, a five-year term of supervised release concurrent on both counts, and a $100 special assessment. *Id.* at Docket Entry 95, *United States v.Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018). Petitioner appealed sentence, which was dismissed as frivolous on March 11, 2019. *Id.*at Docket Entry 103, *United States v.Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018).

Mr. Jeff Parras represented the Petitioner until January 17, 2018. Mr. Aaron Eckman represented Petitioner during her plea and at her sentencing, which is the subject of the instant petition.  Petitioner filed her § 2255 motion *Pro Se*.

## II. PETITIONER'S CLAIMS

In her petition, Petitioner cites four grounds for relief. The grounds are as follows: 1) Ineffective assistance of counsel; 2) First time federal offender, in that the court failed to consider that the Petitioner was a drug user, had minimal part in the criminal act and the court erred in running count one and count two consecutive to each other; 3) Harsh sentencing for first time offender 4) Mental depression.  Pet'r. Motion to Vacate Under 28 U.S.C. § 2255 at 5-9, Docket Entry 105, *Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018).

## III. GOVERNMENT'S RESPONSE

Petitioner's allegations are all without merit.  As discussed *infra*, Petitioner supports none of her filing with any factual grounding or legal basis.  Specifically, Petitioner has failed to show Mr. Eckman as deficient in his performance, nor that she was prejudiced by any of Mr. Eckman's decisions.

 Further Petitioner alleges insufficient claims to seek relief in grounds, two, three and four. Pet'r. Motion to Vacate Under 28 U.S.C § 2255, at 5-8, Docket Entry 105, *Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018). Because Petitioner's second, third and fourth claims are not

grounds for relief under § 2255 (*See United States v. Palcente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); and 28 U.S.C. § 2255 (2012)), the United States only addresses Petitioner's allegations of ineffective assistance of counsel.

### A. Title 28 U.S.C. § 2255, Generally

Title 28 U.S.C. § 2255 provides relief for a federal prisoner who can establish that either: 1) her sentence was imposed in violation of the Constitution or laws of the United States; 2) the sentencing court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. *United States v. Palcente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); and 28 U.S.C. § 2255 (2012). The Fifth Circuit has repeatedly held that a convicted criminal defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature, for the first time in a 28 U.S.C. § 2255 motion without showing both "cause" and "actual prejudice" resulting from the error. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). Section 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been asserted on direct appeal, and would, if condoned, result in a complete miscarriage of justice." *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir. 1998).

One of the few claims that the Fifth Circuit recognizes as satisfying the "cause" and "actual prejudice" standard is proof of ineffective assistance of counsel by Title 28 U.S.C. § 2255, trial or appellate representation. *Gaudet*, 81 F.3d at 589; *Acklen*, 47 F.3d at 741-42. The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was stated by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was <u>deficient</u>. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance <u>prejudiced</u> the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (*quoting United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984)(emphasis added). The reviewing court's review of habeas petitions alleging ineffective assistance of counsel is limited to "whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, 131 S.Ct. 733, 741 (2011). Incorporated into such a review is a strong presumption of effectiveness in counsel's performance. *Strickland*, 466 U.S. at 689. Too, deference is owed to counsel: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 691.

When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland's* deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent." *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009 (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)). Further, to meet *Strickland's* "prejudice" prong, a petitioner must show there was a reasonable probability that, if not for his attorney's actions, he would have received a significantly lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 1999). In this case, Petitioner has failed to make either showing.

With regard to the first prong, the record indicates that Mr. Eckman had a solid grasp of the law and facts in Petitioner's case and did not fail to present the law or facts to the Court.

Contrary to the Petitioner's claim, Mr. Eckman does not recall discussing his experience with the Petitioner.  However, at the time he represented the petitioner he had approximately fifty (50) clients in front of this court, tried sixteen jury trials in state court, and clerked two years for a federal magistrate judge. *See* Aff. Of Aaron Eckman at ¶ 3.

Mr. Eckman made objections to the pre-sentence report, arguing that Petitioner should receive two points for acceptance of responsibility. *See* Aff. of Aaron Eckman at ¶ 5-6.  In his objection Mr. Eckman made reference to numerous points of law and facts in the case, and zealously advocated for the two point reduction for Petitioner. *Id.* at Docket Entry 102 at pg 3-7, *United States v.Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018). In fact the court granted Mr. Eckman's objection and awarded the Petitioner two points for acceptance of responsibility, over the government's objection. With that the government decided to follow the courts guidance and award the Petitioner the third point also. *Id* at Docket Entry 103 at pg 9-10, *United States v.Gallegos*, MO-17-CR-136-2 (W.D.Tex. 2018).

With regard to the second prong, a failure to make a frivolous objection does not render a defense attorney's performance below an objective standard of reasonableness. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000).  Mr. Eckman's actions at sentencing show that he had a firm grasp of Petitioner's case and the applicable Fifth Circuit law, and he strategically used this knowledge by making the objections he did.  Mr. Eckman, did not make frivolous objections to the Petioner's role in the criminal acts, because he knew that under applicable law and the practice of the Court, the objections would not be granted.  *See* Aff. of Aaron Eckman at ¶ 6.   It was Mr. Eckmans's grasp of the facts and law in Petitioner's case that warranted Mr. Eckman's decisions

at sentencing, and not the inverse as Petitioner contends.

The Petitioner has not made any showing that Mr. Eckmans' performance prior to or at Petitioner's sentencing was deficient, nor has she shown Mr. Eckmans's performance was prejudicial under the two prong test of *Strickland*. Accordingly, the Court should deny Petitioner's claim in count one regarding ineffective assistance of counsel.

### IV. APPELLATE RIGHTS WERE WAIVED THROUGH THE PLEA AGREEMENT

Additionally, the Petitioner knowingly and voluntarily waived the right to appeal and collaterally attack her sentence. at Docket entry 79, page 4-5) *United States v. Gallegos*, MO-17-CR-136-2 9 (W.D.Tex.2018). "When a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007) *citing United States v. Wise*, 179 F.3d 184, 186 (5th Cir.1999) and *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992); *see also United States v. Hoctel*, 154 F.3d 506 (5th Cir. 1998). The Petitioner may bring ineffective assistance of counsel claims and prosecutorial misconduct claims, but all other claims are waived through her guilty plea and plea agreement.

In grounds two, three and four, the Petitioner repeatedly request the court to grant a reduction in her period of confinement. The Petitioner pled guilty pursuant to a plea agreement. In doing so, she waived her right to appeal the sentence on any ground, including but not limited to any challenges to the determination of any period of confinement. The Petitioner knowingly and voluntarily waived collateral attack on her sentence. Further, the Petitioner does not allege lack of jurisdiction or constitutional error in her sentence and the sentence imposed on the Petitioner was

neither unlawful nor a miscarriage of justice. Thus, the Petitioner's request for consideration of a reduced sentence in Petitioner's claims two, three and four should be denied.

## EVIDENTIARY HEARING IS NOT REQUIRED

Since the issues before this court can be resolved on the basis of the conclusive record in this case, an evidentiary hearing is unnecessary. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where Petitioner's allegations are affirmatively contradicted by the record." *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979), *cert. denied*, 450 U.S. 934 (1981).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence, and urges the Court to deny Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,

JOHN F. BASH
United States Attorney

By: /s/ Monica L. Daniels
_____
MONICA L. DANIELS
Assistant United States Attorney
Western District of Texas
Midland-Odessa Division
400 W. Illinois, Suite 1200
Midland, Texas 79701
432-686-4110
432-686-4131 FAX
Florida Bar No.: 115439

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was delivered via USPS, to Petitioner Sara Eugenia Gallegos, Reg. No. 90395-380, Federal Correctional Institution, 5701 8th Street, Dublin, CA 94568, on December 16, 2019.

/s/ Monica L. Daniels
_____
MONICA L. DANIELS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| SARA EUGENIA GALLEGOS, | § | |
|     Petitioner, | § | |
| | § | Crim. No. MO-17-CR-00136-(2)-DC |
| v. | § | Civil No. MO-19-CV-00230 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## **ORDER**

Came on to be considered Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody, and after careful consideration, it is determined by the Court that Defendant's motion should be in all things DENIED.

It is so ORDERED, SIGNED, and ENTERED this the _____ day of _____, 20_____.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE