| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF MIDLAND** | § |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Aaron E. Eckman, who being by me duly sworn, upon oath deposes and says,

    I represented Sara Gallegos in the District Court for the Western District of Texas, Midland-Odessa Division. I was appointed on January 18, 2018. The initial indictment was filed on June 21, 2017. From August 10, 2017, until January 18, 2018, Attorney Jeff Parras represented Ms. Gallegos. On January 18, 2018, the Court allowed Mr. Parras to withdraw and I received the appointment.

    When I began representing Ms. Gallegos her case was near trial. Ms. Gallegas had already passed her date to accept responsibility which had expired on December 20, 2017. I was informed by Assistant United States Attorney Brandi Young that the indictment would be superseded with a conspiracy to distribute methamphetamine charge and a felon in possession of a firearm charge. I first met with Ms. Gallegos at the Ector County Correctional Facility on January 22, 2018. I had been in New Orleans at a federal criminal defense conference and was unable to see her over the weekend. I explained to Ms. Gallegos that additional charges were going to be included in a superseding indictment. I also explained to her that she had a constitutional right to a trial and discussed her trial options. She was unhappy that Mr. Parras was no longer on the case and disclosed her family could not pay his trial fee and the court allowed him to get off her case. I talked to her about the standard options in a federal case. She had the ability to go to trial, enter a plea without an agreement, or enter a plea with an agreement for potential benefit based on the government's motion.

    I do not recall discussing with Ms. Gallegos my experience. However, at the time I represented Ms. Gallegos I had represented approximately fifty clients before this Court and the Fifth Circuit, tried sixteen jury trials in state court, and clerked two years for a federal magistrate judge.

    On January 24, 2018, the grand jury returned a superseding indictment against Ms. Gallegos with the new conspiracy charge and a felon in possession charge. I received discovery from AUSA Young and discovery items from Attorney Jeff Parras. AUSA Young also provided Ms. Gallegos a plea agreement for her to consider. On January 28, 2018, I reviewed with Ms. Gallegos the discovery and her options. I reviewed every paragraph of the plea agreement. She made the decision to forego a trial and enter a plea. On January 29, 2018, Ms. Gallegos entered a plea of guilty.

    The PSR calculated Ms. Gallegos base offense level at a 38 with a Criminal History Category of I. The guideline range was 235 months to 293 months. Additionally, the PSR indicted that the 924(c) charge would be an additional five years to run concurrently. The PSR did not award a reduction for acceptance of responsibility. The Government did not file a motion under 5K1.1 or a motion under

Rule 35. At sentencing, I objected to the denial of acceptance of responsibility and argued that the Court should award a two level reduction due to the speed of Ms. Gallegos's acceptance of responsibility after the superseding indictment. The Court agreed with the argument and awarded the two-level reduction. The Government then moved for an additional one-level reduction based on the terms of the plea agreement found in the acceptance of responsibility clause. The guidelines range was then recalculated to an offense level 35 with a Criminal History Category of I. The new guideline range was 168 months to 210 months. The Court then sentenced Ms. Gallegos to 180 months on the distribution charge and 60 months on the 924(c) charge to run consecutively as per the statute.

I did not make an objection based on the mitigating role adjustments because the objection would have been frivolous. Based on information I learned over the course of representing Ms. Gallegos, she would not have qualified under USSG §3B1.2 for a minimal or minor role reduction. Moreover, making the frivolous objection would have impacted my ability to argue on her behalf for the acceptance of responsibility that resulted in the three-level reduction awarded at the time of sentencing.

Over the course of representing Ms. Gallegos I met with her personally nine to ten times outside of court appearances.

I am Aaron E. Eckman, witness in this cause; I have read the above and it is all true and correct.

_____
Aaron E. Eckman

SUBSCRIBED AND SWORN to before me this December 10th, 2019 to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
My commission expires:

JAMIE DIANE STEWARD
Notary Public, State of Texas
Comm. Expires 02-16-2021
Notary ID 126756134