# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) NO. 7:17-CR-136-DC(2) |
| | ) |
| SARA EUGENIA GALLEGOS | ) |
| | ) |

### DEFENDANT'S MOTION FOR STATEMENT OF REASONS FOR DENIAL OF COMPASSIONATE RELEASE

Sara Eugenia Gallegos, through undersigned counsel, pursuant to Federal Rule of Appellate Procedure 9(a) and 9(b), moves this Court to enter a revised order upon her Emergency Motion for Compassionate Release ("Motion") stating its reasons for denial. As grounds, Ms. Gallegos states:

On July 27, 2021, this Court denied Ms. Gallegos' Motion in a one-page order ("Order"). Dkt. 119. The Order did not provide any statement of reasons for the Court's denial of the Motion. Without knowing the grounds for the Court's denial, Ms. Gallegos cannot determine whether to exercise right her right to appeal the Order because she does not know if there is any basis for seeking review.

A district court is obligated to provide enough reasoning so that the litigants know the basis for its decision. Federal Rule of Appellate Procedure 9(a) states "[t]he district court *must* state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case." When a person's liberty is taken away, it is important to confirm that the decision was made on a permissible basis. For instance, it is a procedural error for a court

to treat the sentencing guidelines as mandatory when it has the discretion to make a departure. *United States v. Clay,* 787 F.3d 328, 332 (5th Cir. 2015) ("A district court's failure to recognize its discretion to vary in this [sentencing] context constitutes procedural error."). In this case, the U.S. Sentencing Commission guidelines are no longer binding. *United States v. Shkambi*, No. 20-40543, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that §1B1.13 does not "bind[ ] a district court addressing a prisoner's own motion under § 3582"). It is not clear from the order how this Court incorporated the guidelines in its decision.

Without stating its reasons for denial, Ms. Gallegos cannot determine if there is any basis upon which to appeal. *See e.g. United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (citations omitted) (finding it is an abuse of discretion to misread the extraordinary-reason requirement or to find incorrectly that the law bars a sentence reduction in a compassionate release motion). The more complex the case, the more detailed the statement of reasons should be. *See, e.g., Chavez-Meza v. United States*, 138 S.Ct. 1959, 1965, 201 L. Ed. 2d 359 (2018) (finding that the depth of the explanation depends on the circumstances of the case); *Jones*, 980 F.3d 1098, 1113 (stating that the court's leniency as to a judge's explanation is "highly dependent on the record").

Ms. Gallegos' case is the type that calls for an explanation. Her Motion was much more than a straightforward argument that she feared a bad outcome from COVID-19. *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021) (holding statement of reasons not necessary because the movant focused "exclusively" on COVID-19 and not on any changes in his personal circumstances). Instead, her Motion outlined (1) her personal vulnerability to COVID-19, based on conditions the CDC has identified as leading to poorer outcomes, and to the increasing concern about the dangers of the Delta variant; (2) a detailed legal argument that her family circumstances,

which center upon the vulnerability and well-being of her minor children, are "extraordinary and compelling" in the absence of applicable guidelines from the U.S. Sentencing Commission; and (3) that the purposes of sentencing had been met in her case.

Ms. Gallegos therefore requests that this Court enter a revised order stating its reasons for denial.

Respectfully submitted,

By: /s/ Catherine Sevcenko
DC Bar No 484218, Admitted Pro Hac Vice
National Council for Incarcerated and Formerly
Incarcerated Women and Girls
300 New Jersey Ave, NW #900
Washington DC 20001
617-299-2604 x703
csevcenko@thecouncil.us

**COUNSEL FOR SARA EUGENIA GALLEGOS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed under seal with the Western District of Texas and a copy was served on all counsel of record via ECF on August 4, 2021.

/s/ *Catherine Sevcenko*
Catherine Sevcenko